UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
U.S. BANK NATIONAL ASSOCIATION,

        *Plaintiff,*          Case No. _____

vs.

BROOKLYN MOTOR CARS, INC.,

        *Defendant.*
---------------------------------------------------------------x

## COMPLAINT

Plaintiff U.S. Bank National Association ("U.S. Bank"), by and through its undersigned counsel, as and for its Complaint against Defendant Brooklyn Motor Cars, Inc. (a/k/a Bay Ridge Chrysler Jeep Dodge Ram) ("Defendant"), hereby alleges as follows:

### NATURE OF ACTION

1. U.S. Bank brings this action for Defendant's breach of contract to recover damages arising from a fraudulently executed motor vehicle retail installment sale contract that U.S. Bank purchased from Defendant.

### PARTIES

2. U.S. Bank is a national association organized under the laws of the United States and having its main office, as designated in its Articles of Association, at 425 Walnut Street, Cincinnati, Ohio 45202.

3. Defendant is a New York corporation, with a registered business address of 8825 5th Avenue, Brooklyn, New York 11209. Defendant conducts business under the name Bay Ridge Chrysler Jeep Dodge Ram.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendant because Defendant has a registered business address in the State of New York, and because U.S. Bank's claims arise out of Defendant's acts and omissions in the State of New York.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391 because Defendant's principal place of business is located within the Eastern District of New York. Venue is further proper because U.S. Bank's claims arise out of Defendant's acts and omissions that occurred within the Eastern District of New York.

**FACTUAL BACKGROUND**

**A.   The Dealer Agreement**

7. On or about March 3, 2015, U.S. Bank and Defendant entered into an indirect dealer agreement (the "Dealer Agreement"), setting forth the terms and conditions on which U.S. Bank would purchase certain motor vehicle retail installment sale contracts originated by Defendant. A true and correct copy of the Dealer Agreement is attached hereto as <u>Exhibit A</u> and incorporated herein by reference.

8. Under the Dealer Agreement, Defendant made a number of specific representations and warranties regarding the customer contracts it sold to U.S. Bank, including:

> a. "Dealer has caused title to the Contract and the Vehicle to be conveyed to U.S. Bank or its designee, free in either instance of any lien or encumbrance or claim or defense by the Customer" (Dealer Agreement, Ex. A at § 7(A));

  b. "The Contract has been duly authorized and executed by the Customer, constitutes the Customer's valid and binding agreement and has been duly executed by Dealer and the Customer at Dealer's premises" (*id*. at § 7(B));

  c. "Each other instrument executed in connection with the Contract giving rights to Dealer has been duly authorized and executed by each party thereto and constitutes each such party's valid and binding agreement" (*id*. at § 7(C));

  d. "The statements in the Contract and in any other instrument executed in connection therewith are true and correct" (*id*. at § 7(D));

  e. "The names and signatures on the Contract and any other instrument executed in connection therewith are not forged, fictitious or assumed and are true and correct to the best of Dealer's knowledge after due inquiry" (*id*. at § 7(F));

  f. "The Customer has and shall have no defense, offset or counterclaim as to the enforcement of the Contract arising out of the conduct of Dealer, its agents, or employees" (*id*. at § 7(L));

  g. "Dealer does not know of any fact not disclosed to U.S. Bank which indicates the uncollectability of the Contract" (*id*. at § 7(N));

  h. "Dealer acknowledges that U.S. Bank assumes no risk or liability with respect to a Vehicle or Contract for any event which occurs prior to U.S. Bank's purchase of such Vehicle and Contract" (*id*. at § 7(O));

  i. "As directed by U.S. Bank, Dealer will file an application for title and registration for the Vehicle and submit it to the appropriate governmental agency showing U.S. Bank's interest in the Vehicle on or before 20 days after the Customer receives possession of the Vehicle" (*id.* at § 7(R));

  j. "Dealer will file and record all documents necessary to perfect a valid and enforceable first priority security interest of U.S. Bank with respect to the Vehicle subject to the Contract and will send U.S. Bank the filing receipts" (*id.* at § 7(S)).

  k. "Dealer has furnished U.S. Bank all credit information received by Dealer with respect to the Contract and such information is true, complete, and accurate to the best of Dealer's knowledge after due inquiry" (*id*. at § 7(T)); and

  l. "The Customer identified in the Contract will be the only user of the Vehicle and will be the party who makes payments under the Contract, and such Customer is not using his or her name, credit and employment history, or insurance record to purchase any Vehicle for a third party" (*id*. at § 7(U)).

9. Under Section 8 of the Dealer Agreement, Defendant agreed that if any of these specific warranties, covenants, or representations were breached or untrue or were instead simply "alleged to be breached or untrue," Defendant would be required to "promptly pay upon receipt of U.S. Bank's demand, one or more of the following amounts at the election of U.S. Bank": (i) the unpaid balance of the customer's contract; (ii) all losses and expenses incurred by U.S. Bank as a result of Defendant's breach, untruth, or failure to perform; and (iii) all out-of-pocket expenses incurred by U.S. Bank, including attorneys' fees and litigation costs. Dealer Agreement, Ex. A at § 8(A).

B. **The Fraudulent Customer Contract**

10. Shortly following its origination by Defendant, U.S. Bank purchased from Defendant pursuant to the Dealer Agreement, a motor vehicle retail installment sale contract (the "Contract") dated May 30, 2017, having an amount financed of $77,122.76, and listing the buyer as Richard P. Lasak ("Lasak"), which was subsequently assigned a U.S. Bank account number ending in 1728.

11. On September 15, 2017, a representative of Defendant identifying herself as "Danielle" contacted U.S. Bank by telephone and stated that the Contract was fraudulent and had been obtained by identity theft, and, furthermore, that the vehicle sold in connection with the Contract—a Mercedes-Benz GLE (the "Vehicle")—had been abandoned on Defendant's premises.

12. According to Danielle, Defendant discovered the fraud and identity theft when the person identifying as Lasak was unable to obtain title and register the Vehicle with the State of New York. After being confronted regarding this issue, the person identifying as Mr. Lasak abandoned the Vehicle at Defendant's premises.

13. Furthermore, in the course of its investigation regarding this Contract, U.S. Bank determined that Defendant had never perfected the lien on the Vehicle as required by the Dealer Agreement.

14. On October 18, 2017, U.S. Bank contacted Defendant in an attempt to correct Brooklyn's failure to perfect U.S. Bank's lien on the Vehicle, but received no response.

15. In December 2017, U.S. Bank discovered that Defendant had sold the Vehicle to a different Dealership despite Defendant's knowledge that U.S. Bank had purchased the Contract and that Defendant had failed to perfect U.S. Bank's first priority lien on the Vehicle.

16. By written notice dated as of December 18, 2017, U.S. Bank demanded that Defendant remit the full amount of money necessary to satisfy the outstanding unpaid balance of the Contract purporting to bear Mr. Lasak's signature, and for which Defendant failed to perfect U.S. Bank's first priority lien as required by the Dealer Agreement.

17. Despite receipt of this written demand, Defendant did not remit the unpaid balance for this Contract to U.S. Bank.

18. On January 2, 2018, having heard no response, U.S. Bank sent Defendant a Repurchase Notice demanding that Defendant repurchase the Contract as required by the Dealer Agreement. Defendant again failed to respond.

19. At this time, the Contract purporting to bear the signature of Mr. Lasak has an outstanding balance of at least $75,988.07.

## COUNT I

## BREACH OF CONTRACT

20. U.S. Bank restates and realleges Paragraphs 1-19 of the Complaint as if fully set forth herein.

21. U.S. Bank and Defendant are parties to a valid and enforceable written agreement in the form of the Dealer Agreement.

22. U.S. Bank has fully performed all of its obligations under the Dealer Agreement.

23. Defendant has breached the Dealer Agreement in one or more of the following ways, including:

    a. selling U.S. Bank a contract that had not been duly authorized, executed, or agreed to by the customer named in the contract;

    b. selling U.S. Bank a contract that contained forged names and signatures;

    c. selling U.S. Bank a contract without conducting a due inquiry as to the true identity of the buyer;

    d. selling U.S. Bank a contract that contained untrue and inaccurate statements;

    e. selling U.S. Bank a contract for which Defendant had knowledge of facts indicating the uncollectability of the contracts;

    f. selling U.S. Bank a contract for which the listed customer had defenses to the enforcement of such contract;

    g. failing to perfect U.S. Bank's first priority lien on the collateral for a contract sold to U.S. Bank;

    h. selling the vehicle that was collateral for a contract Defendant sold to U.S. Bank despite actual knowledge that U.S. Bank had purchased the contract, and that the Defendant had failed to perfect U.S. Bank's first priority security lien; and

    i. refusing to reimburse U.S. Bank's losses and the unpaid balance of the Contract upon receiving demand from U.S. Bank, which demand was premised upon

Defendant's own admissions implicating those specific representations and warranties made by Defendant to U.S. Bank.

24. As a direct and proximate result of Defendant's foregoing breaches of the Dealer Agreement, U.S. Bank has suffered damages equal to its losses and expenses associated with the Contract, including its costs and reasonable attorneys' fees associated with this action, which U.S. Bank is entitled to recover under Section 8 of the Dealer Agreement.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff U.S. Bank National Association prays that judgment be entered against Defendant Brooklyn Motor Cars, Inc. as follows:

1. Compensatory damages to make U.S. Bank whole for its losses or expenses incurred relating to the Contract, plus prejudgment interest there-on, according to law;

2. An award to Plaintiff of all its costs, disbursements, and attorneys' fees incurred in pursuing this action; and

3. Such other and further relief as the Court deems just and appropriate.

Dated: New York, New York
May 2, 2018                          DORSEY & WHITNEY LLP

By: */s/ David A. Scheffel*
David A. Scheffel
Kaleb McNeely
51 West 52nd Street
New York, NY 10019-6119
Telephone: (212) 415-9200
Facsimile: (646) 417-7193
scheffel.david@dorsey.com
mcneely.kaleb@dorsey.com

-and-

7

Michael Stinson
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

*Attorneys for Plaintiff U.S. Bank National Association*